U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 JUN 14 PM 2: 11

CLERK
BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

NILAY KAMAL PATEL, RACHEL A.      )
GLADSTONE, ELIJAH BLOW, and       )
AVERY ARROYO,                     )
                                  )
        Plaintiffs,               )
                                  )
    v.                            )          Case No. 5:20-cv-61
                                  )
UNIVERSITY OF VERMONT AND         )
STATE AGRICULTURAL COLLEGE,       )
                                  )
        Defendant.                )

## ENTRY ORDER

Defendant's Rule 12(b)(1) motion seeks dismissal of Mr. Patel and Ms. Gladstone's

claims for lack of Article III standing on the theory that the "injury-in-fact" prong of

constitutional standing is absent because Mr. Patel and Ms. Gladstone "did not actually pay any

tuition to UVM in Spring 2020." (Doc. 63-1 at 8; *see also* Doc. 69.) Mr. Patel and Ms.

Gladstone assert that they were injured "because Defendant breached a contract" and that "[a]n

individual to whom a contractual duty is owed may, therefore, allege a concrete legal injury by

virtue of the [contractual] duty's breach, apart from any actual damages stemming from that

breach." (Doc. 66 at 5.) That argument appears to present a question of law that is unsettled in

this circuit. *See* F. Andrew Hessick, *Standing & Contracts*, 89 Geo. Wash. L. Rev. 298, 300–02

(2021) (arguing that the logic of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), requires breach-

of-contract plaintiffs to establish factual harm in order to have Article III standing).[1]

---

[1] The court in *SM Kids, LLC v. Google LLC*, 963 F.3d 206 (2d Cir. 2020), did remark that
"a party that alleges *harm due to another's* breach of a contract has a justiciable controversy with
the other party and . . . the courts have jurisdiction to resolve the controversy." *Id.* at 212
(emphasis added). But the court did not analyze whether the "harm" could possibly be the
breach itself; that issue was simply not presented in *SM Kids*.

In its reply memorandum, Defendant argues that the court need not resolve that issue because Mr. Patel and Ms. Gladstone's claims fail the "traceability" and "redressability" prongs of the Article III standing analysis. (Doc. 71 at 3.)  At the June 7, 2021 hearing on the motion, counsel for Mr. Patel and Ms. Gladstone observed that Defendant's original memorandum (Doc. 63-1) addresses only the "injury-in-fact" prong.

Defendant is correct that it is Mr. Patel and Ms. Gladstone's burden to establish each element of standing. *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 300 (2d Cir. 2021).  But since Defendant's original memorandum challenged only the "injury-in-fact" prong, Mr. Patel and Ms. Gladstone's opposition understandably focused solely on that element.  On the "traceability" and "redressability" elements, the court concludes that additional briefing is warranted because those issues were raised for the first time in a reply memorandum. *See Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 418 (2d Cir. 2001) ("[W]e doubt that district courts lack all discretion to consider arguments raised for the first time in reply briefs—especially when, as here, they order additional briefing on the argument pressed in the reply brief.").

The court accordingly grants Plaintiffs an opportunity to file within 10 days a supplemental brief, not to exceed 15 pages, on the issues of traceability and redressability. Defendant may file a supplemental reply on those issues within 10 days of Plaintiffs' filing, not to exceed 15 pages.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 14th day of June, 2021.

Geoffrey W. Crawford, Chief Judge
United States District Court

2